Chad M. Nicholson, ISBN 7506
Jeff R. Sykes, ISBN 5058
Nathan D. Bizeau, ISBN 12956
**McCONNELL WAGNER SYKES + STACEY** **PLLC**
827 East Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:  208.489.0110
nicholson@mwsslawyers.com
sykes@mwsslawyers.com
nbizeau@mwsslawyers.com

Plaintiff-in-Interpleader

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| McCONNELL WAGNER SYKES + STACEY PLLC, an Idaho professional limited liability company, <br><br> Plaintiff-in-Interpleader, <br> vs. <br><br> STEVEN FIRTH, an individual, SHERYL HERBERT, an individual, DOUGLAS FIRTH, an individual, ASHLEY FIRTH, an individual, TANYA FIRTH, an individual, MARCENE MURRI, an individual, HAYLEY WHITE, an individual, THE ESTATE OF ELNORA LEE ONSTINE, TIA LYNNE ONSTINE, an individual, CHRISTINA ONSTINE, an individual, RUSSELL JOHN ONSTINE, an individual, and THE ESTATE OF RALPH ONSTINE, <br><br> Defendants-in-Interpleader. | **Case No.** _____ <br><br> **COMPLAINT IN INTERPLEADER UNDER 28 U.S.C. § 1335** |

**COMES NOW,** Plaintiff-in-Interpleader McConnell Wagner Sykes + Stacey PLLC

("MWSS"), and respectfully files its *Complaint in Interpleader*, pursuant to 28 U.S.C. § 1335.

**COMPLAINT IN INTERPLEADER – Page 1**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx

## PARTIES

1.    MWSS is a professional limited liability company organized under the laws of the State of Idaho, with its principal place of business at 827 E. Park Blvd., Suite 201, Boise, Idaho 83712.

2.    MWSS is the holder of settlement proceeds arising from the consolidated litigation styled *Firth, et al. v. Avtomedon, Inc., et al.*, Case No. 4:25-cv-358 in the United States District Court for the District of Idaho (the "Underlying Action"). The Underlying Action consolidated two related cases—*Firth, et al. v. Avtomedon, Inc., et al.*, Case No. 4:25-cv-358 (lead) and *The Estate of Ralph Onstine, et al. v. Avtomedon, Inc., et al.*, 4:25-cv-382 (consolidated)—seeking damages for the wrongful death of Elnora Lee Onstine ("Elnora") and Ralph Onstine ("Ralph").

3.    Defendants-in-Interpleader are claimants who have asserted or may assert an interest in the disputed settlement proceeds.

4.    At all times relevant hereto, Defendant-in-Interpleader Steven Firth ("Steven") was domiciled in the State of Wyoming, a resident of the City of Big Piney, County of Sublette, State of Wyoming, and Elnora's biological son.

5.    At all times relevant hereto, Defendant-in-Interpleader Sheryl Herbert ("Sheryl") was domiciled in the State of Idaho, a resident of the City of Hagerman, County of Gooding, State of Idaho, and Elnora's biological daughter.

6.    At all times relevant hereto, Defendant-in-Interpleader Douglas Firth ("Douglas") was domiciled in the State of Wyoming, a resident of the City of Deaver, County of Big Horn, State of Wyoming, and Elnora's biological son.

7.    At all times relevant hereto, Defendant-in-Interpleader Ashley Firth ("Ashley") was domiciled in the State of Idaho, a resident of the City of McCammon, County of Bannock, State of Idaho, and Elnora's biological daughter.

8.    At all times relevant hereto, Defendant-in-Interpleader Tanya Firth ("Tanya") was domiciled in the State of Idaho, a resident of the City of Pocatello, County of Bannock, State of Idaho, and Elnora's biological daughter.

9.    At all times relevant hereto, Defendant-in-Interpleader Marcene Murri ("Marcene") was domiciled in the State of Utah, a resident of the City of Eagle Mountain, County of Utah, State of Utah, and Elnora's biological daughter.

10.    At all times relevant hereto, Defendant-in-Interpleader Hayley White ("Hayley") was domiciled in the State of Idaho, a resident of the City of Georgetown, County of Bear Lake, State of Idaho, and Elnora's biological daughter.

11.    The Estate of Elnora Lee Onstine ("Elnora's Estate"), Defendant-in-Interpleader, is the estate of the decedent Elnora and duly created by Idaho law. For jurisdictional purposes, Elnora's Estate is deemed to be a citizen of the State of Idaho, because the decedent Elnora was a citizen of the State of Idaho. *See* 28 U.S.C. § 1332(c)(2).

12.    At all times relevant hereto, Defendant-in-Interpleader Tia Lynne Onstine ("Tia") was domiciled in the State of Arizona, a resident of the City of Mesa, County of Maricopa, State of Arizona, and Ralph's biological daughter.

13.    At all times relevant hereto, Defendant-in-Interpleader Christina Onstine ("Christina") was domiciled in the State of Arizona, a resident of the City of Kay's Creek, County of Maricopa, State of Arizona, and Ralph's biological daughter.

**COMPLAINT IN INTERPLEADER – Page 3**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx

14.    At all times relevant hereto, Defendant-in-Interpleader Russell John Onstine ("Russell") was domiciled in California, a resident of the City of Wrightwood, County of San Bernadino, State of California, and Ralph's biological son.

15.    The Estate of Ralph Onstine ("Ralph's Estate"), Defendant-in-Interpleader, is the estate of the decedent Ralph and duly created by Idaho law. For jurisdictional purposes, Ralph's Estate is deemed to be a citizen of the State of Idaho because the decedent Ralph was a citizen of the State of Idaho. *See* 28 U.S.C. § 1332(c)(2).

16.    Defendants-in-Interpleader Steven, Sheryl, Douglas, Ashley, Tanya, Marcene, Hayley and Elnora's Estate will collectively be referred to as the "Firth Parties."  Defendants-in-Interpleader Tia, Christina, Russell and Ralph's Estate will collectively be referred to as the "Onstine Parties."

## JURISDICTION AND VENUE

17.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335, because (a) MWSS has in its custody a contested sum of money whose value is greater than $500, (b) MWSS is ready, willing, and able, upon the order of the Court, to deposit the contested sum of money into the registry of the Court, and (c) among the claimants to the money or property are two or more adverse claimants of diverse citizenship. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (citing *inter alia*, *Haynes v. Felder*, 239 F.2d 868, 872-75 (5th Cir. 1957)) (holding that 28 U.S.C. § 1335 requires only "minimal diversity," meaning at least two adverse claimants of diverse citizenship, regardless of whether other rival claimants may be co-citizens).

18.    Venue is proper pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in the District of Idaho.

**COMPLAINT IN INTERPLEADER – Page 4**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx

## FACTUAL BACKGROUND

19.     On February 19, 2025, Elnora and Ralph were in a vehicle stopped on US 30 near milepost 421.5, because traffic in the eastbound lane(s) of US 30 was stopped at the direction of the Idaho State Police.

20.     On February 19, 2025, a semitruck collided with the vehicle of Elnora and Ralph, pushing their vehicle off the roadway and causing injuries to Elnora and Ralph.

21.     On February 19, 2025, Ralph died of his injuries sustained during the collision.

22.     On February 20, 2025, Elnora died of her injuries sustained during the collision.

23.     Steven, Sheryl, Douglas, Ashley, Tanya, Marcene, and Ashley (collectively "Elnora's Children"), and Elnora's Estate, represented by MWSS, filed a wrongful death suit against Sergey Y. Martynov ("Martynov"), the driver of the semitruck that caused the collision, and against his employer, Avtomedon, Inc. ("Avtomedon"). The case originated in the District Court of the Sixth Judicial District of the State of Idaho, and was subsequently removed to the United States District Court for the District of Idaho as *Firth, et al. v. Avtomedon, Inc., et al.*, Case No. 4:25-cv-358.

24.     Tia, Christina, and Russell (collectively "Ralph's Children"), together with Ralph's Estate, filed a separate wrongful death suit against Martynov and Avtomedon in the United States District Court for the District of Idaho, styled *The Estate of Ralph Onstine, et al. v. Avtomedon, Inc., et al.*, 4:25-cv-382.

25.     On August 12, 2025, the Court consolidated the two cases as *Firth, et al. v. Avtomedon, Inc., et al.*, Case No. 4:25-cv-358, pursuant to the parties' *Stipulated Motion for Consolidation*.

26.     The Underlying Action was resolved by a settlement agreement which required Avtomedon and its insurer to pay Defendants-in-Interpleader $1,375,000. The settlement agreement required Avtomedon's insurer to pay $1,000,000.00 to MWSS's trust account within thirty (30) days of its receipt of a fully executed release agreement.  The settlement agreement required Avtomedon to pay an additional $375,000.00 to MWSS's trust account on or before May 30, 2026.

27.     MWSS, as counsel for the Firth Parties, is presently in possession of the settlement proceeds paid by Avtomedon and Avtomedon's insurer, *i.e.* $1,375,000.00, that are or will be payable to one or more of the Defendants-in-Interpleader.

28.     MWSS is ready, willing, and able to deposit into the registry of the Court the $1,375,000 it has received from Avtomedon and Avtomedon's insurer and will do so upon order of the Court permitting the deposit.

29.     Defendants-in-Interpleader assert two adverse theories of how the settlement proceeds should be divided.

30.     On the one hand, the Firth Parties contend that each Defendant-in-Interpleader has a direct cause of action for wrongful death and therefore the damages to be awarded to each Defendant-in-Interpleader based upon each Defendant-in-Interpleader's individual loss of future support, companionship, society, etc.  The Firth Parties further contend that if the amount of damages proven to have been sustained by all Defendants-in-Interpleader exceed the Settlement Proceeds, then the Settlement Proceeds should be divided among the Defendants-in-Interpleader on a pro rata basis.

31.     Conversely, the Onstine Parties contend that the Defendants-in-Interpleader claims are derivative, *i.e.* that the Settlement Proceeds should be split evenly with fifty percent (50%) of

**COMPLAINT IN INTERPLEADER – Page 6**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx

the Settlement Proceeds being divided among Ralph's three (3) biological children and the other fifty percent (50%) being divided among Elnora's seven (7) biological children.

32. As the holder of the disputed settlement proceeds, MWSS faces a real and reasonable risk of multiple liability due to competing demands from Defendants-in-Interpleader.

## INTERPLEADER CLAIM

33. Plaintiff-in-Interpleader reincorporates the information set forth in Paragraphs 1 through 32 as if set forth herein.

34. MWSS is currently the stakeholder of contested settlement proceeds in the amount of $1,375,000, a sum greater than $500.

35. There are at least two adverse claimants of diverse citizenship who are claiming or may claim entitlement to the contested proceeds.

36. MWSS will deposit the contested proceeds into the registry of the Court upon order, without prejudice to any parties' claims to additional sums outside this interpleader action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff-in-Interpleader prays for a judgment from the Court as follows:

1. For an order accepting jurisdiction under 28 U.S.C. § 1335 and directing MWSS to deposit $1,375,000 into the registry of the Court;

2. For an order requiring Defendants-in-Interpleader to interplead and litigate among themselves their respective claims to the deposited funds, and barring any separate suits regarding the deposited funds;

3. For an order discharging MWSS from any and all liability related to the funds deposited with the Court and permanently enjoining Defendants-in-Interpleader from instituting or prosecuting any separate proceeding against MWSS regarding the deposited funds;

**COMPLAINT IN INTERPLEADER – Page 7**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx

4.    For an order awarding MWSS its reasonable costs of suit from the deposited funds, in an amount to be determined by subsequent motion;

5.    For an order setting a schedule for claimants' statements of interest and motions, including any dispositive motions addressing allocation and distribution; and

6.    For such other and further relief as the Court deems just and proper.

DATED this 1st day of July, 2026.


McConnell Wagner Sykes + Stacey PLLC


_/s/ Chad M. Nicholson_

By:    Chad M. Nicholson
       Attorneys for Plaintiff-In-Interpleader

**COMPLAINT IN INTERPLEADER – Page 8**
I:\11616.004\PLD\Drafts\Onstine Interpleader Draft v.3.docx